GARY M. RESTAINO
United States Attorney
District of Arizona
ALANNA R. KENNEDY
Arizona State Bar No. 034257
TRACY VAN BUSKIRK
Arizona State Bar No. 022097
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Alanna.Kennedy@usdoj.gov
Email: Tracy.Van.Buskirk@usdoj.gov
Attorneys for Plaintiff

FILED ☑ LODGED
RECEIVED ___ COPY

OCT 1 1 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

☒ FILED    ☐ LODGED

**Feb 28 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>Charles Lyle Truax (2),<br><br>                    Defendant. | No. CR- 22-08042-002-PCT-DGC<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Charles Lyle Truax, hereby agree to dispose of this matter on the following terms and conditions:

1.    **PLEA**

The defendant will plead guilty to Count 2 of the Indictment charging the defendant with a violation of 18 United States Code (U.S.C.) § 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm and Ammunition, a Class C felony offense.

2.    **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), is punishable by a maximum fine of $250,000 a maximum term of imprisonment of ten years, or both, and a term of supervised release of up to three years.  A maximum term of probation is five years (including a minimum term of one year if probation is imposed).

b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.     **AGREEMENTS REGARDING SENTENCING**

a.     Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b.     Acceptance of Responsibility.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States

1   will recommend a two-level reduction in the applicable Sentencing Guidelines offense
2   level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,
3   the United States will move the Court for an additional one-level reduction in the applicable
4   Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

5        c.    Non-Binding Recommendations.    The defendant understands that
6   recommendations are not binding on the Court. The defendant further understands that the
7   defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
8   recommendation.

9        d.    Assets and Financial Responsibility.    The defendant shall make a full
10  accounting of all assets in which the defendant has any legal or equitable interest. The
11  defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
12  transfer any such assets or property before sentencing, without the prior approval of the
13  United States (provided, however, that no prior approval will be required for routine, day-
14  to-day expenditures). The defendant also expressly authorizes the United States Attorney's
15  Office to immediately obtain a credit report as to the defendant in order to evaluate the
16  defendant's ability to satisfy any financial obligation imposed by the Court. The defendant
17  also shall make full disclosure of all current and projected assets to the U.S. Probation
18  Office immediately and prior to the termination of the defendant's supervised release or
19  probation, such disclosures to be shared with the U.S. Attorney's Office, including the
20  Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the
21  Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
22  under this agreement and the law.

23       If the defendant is a member of a Native American tribe that provides "per capita"
24  payments to its members, the defendant agrees that any such "per capita" payment shall be
25  paid over to the Clerk of the Court and applied to the defendant's restitution obligation
26  until restitution to all victims is paid in full.

27  //
28  //

- 3 -

1    **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

2           a.    This office shall not prosecute the defendant for any offenses committed by
3    the defendant, and known by the United States, in connection with the discovery in this
4    case, which is Bates stamped pages 150-170 and 344-554.

5           b.    This agreement does not, in any manner, restrict the actions of the United
6    States in any other district or bind any other United States Attorney's Office.

7    **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

8           a.    If the Court, after reviewing this plea agreement, concludes that any
9    provision contained herein is inappropriate, it may reject the plea agreement and give the
10   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
11   11(c)(5).

12          b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
13   vacated, or reversed at any time, this agreement shall be null and void, the United States
14   shall be free to prosecute the defendant for all crimes of which it then has knowledge and
15   any charges that have been dismissed because of this plea agreement shall automatically
16   be reinstated. In such event, the defendant waives any and all objections, motions, and
17   defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
18   restrictions in bringing later charges or proceedings. The defendant understands that any
19   statements made at the time of the defendant's change of plea or sentencing may be used
20   against the defendant in any subsequent hearing, trial, or proceeding subject to the
21   limitations of Fed. R. Evid. 410.

22   **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

23          The defendant waives (1) any and all motions, defenses, probable cause
24   determinations, and objections that the defendant could assert to the indictment or
25   information; and (2) any right to file an appeal, any collateral attack, and any other writ or
26   motion that challenges the conviction, an order of restitution or forfeiture, the entry of
27   judgment against the defendant, or any aspect of the defendant's sentence, including the
28   manner in which the sentence is determined, including but not limited to any appeals under

- 4 -

1  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

2  (habeas petitions), and any right to file a motion for modification of sentence, including

3  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

4  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall

5  result in the dismissal of any appeal, collateral attack, or other motion the defendant might

6  file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

7  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

8  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

9  II.B of Ariz. Ethics Op. 15-01 (2015)).

10  **7.   DISCLOSURE OF INFORMATION**

11       a.       The United States retains the unrestricted right to provide information and

12  make any and all statements it deems appropriate to the U.S. Probation Office and to the

13  Court in connection with the case.

14       b.       Any information, statements, documents, and evidence that the defendant

15  provides to the United States pursuant to this agreement may be used against the defendant

16  at any time.

17       c.       The defendant shall cooperate fully with the U.S. Probation Office. Such

18  cooperation shall include providing complete and truthful responses to questions posed by

19  the U.S. Probation Office including, but not limited to, questions relating to:

20            (1)       criminal convictions, history of drug abuse, and mental illness; and

21            (2)       financial information, including present financial assets or liabilities

22  that relate to the ability of the defendant to pay a fine or restitution.

23  **8.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

24       a.       Nothing in this agreement shall be construed to protect the defendant from

25  administrative or civil forfeiture proceedings or prohibit the United States from proceeding

26  with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

27  monetary penalties, including restitution imposed by the Court, shall be due immediately

28  upon judgment, shall be subject to immediate enforcement by the United States, and shall

- 5 -

be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

b.     The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the following property:

1.     One (1) Interstate Arms Corp. model Hawk 981R shotgun, with serial number 0107211;

2.     Thirty-two (32) rounds of .223 caliber ammunition bearing the Remington brand;

3.     One hundred eight (108) rounds of .22 caliber ammunition bearing the Remington brand;

4.     Two (2) 500 Smith and Wesson rounds of ammunition;

5.     Four (4) .22 WHR magnum rounds of ammunition;

6.     One (1) 9mm shell casing;

7.     Two (2) .22 LR rounds of ammunition;

8.     One (1) .40 Speer Smith and Wesson round of ammunition;

9.     Four (4) .22 Magnum rounds of ammunition;

10.    One (1) round of 9mm ammunition;

11.    One (1) .40 Smith and Wesson round of ammunition;

12.    Two (2) .338 Winchester Mag round of ammunition;

13.    One (1) 30-06 round of ammunition;

14.    One (1) 7.62 x 39 shell casing;

15. One (1) 12-gauge CBC shotgun casing;

16. One (1) HxP 63 round of ammunition;

17. Six (6) 270 Winchester rounds of ammunition;

18. Four (4) 500 Smith and Wesson Mag rounds of ammunition;

19. One (1) .223 Rem Wolf round of ammunition;

20. One (1) NXP 78 round of ammunition;

21. Eleven (11) .223 Rem rounds of ammunition;

22. Two (2) 9mm Luger rounds of ammunition;

23. One (1) .22 round of ammunition;

24. Twenty-four (24) spent .223 rounds of ammunition;

25. One (1) .22 LR Jennings Firearms Incorporation serial No. 145163;

26. One (1) 7.62 x 39 round of ammunition;

27. One (1) 30-30 Winchester round of ammunition;

28. One (1) WMA shell casing;

29. One (1) .22 Remington round of ammunition; and

30. One (1) 9mm Luger shell casing.

c. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

d. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the

defendant in addition to forfeiture.  This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e.      The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment.  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f.      The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property.  The defendant agrees to waive his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

g.      The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

h.      The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above.  Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will

- 8 -

waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**9.**     **ELEMENTS**

**Felon in Possession of a Firearm and Ammunition**

On or about May 4, 2022, in the District of Arizona:

1.     The defendant knowingly possessed a firearm and ammunition;

2.     At the time the defendant possessed the firearm and ammunition, the defendant had been previously convicted of a crime punishable by a term of imprisonment exceeding one year;

3.     At the time the defendant possessed the firearm and ammunition, the defendant knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year; and

4.     The firearm and ammunition had been transported or shipped from one state to another or between a foreign nation and the United States.

**10.**     **FACTUAL BASIS**

a.     The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about May 4, 2022, in the District of Arizona, I CHARLES LYLE TRUAX, knowingly possessed a firearm, namely an Interstate Arms Corp. model Hawk 981R shotgun, with serial number 0107211, which had previously been shipped and transported in interstate commerce. I also possessed 32 live rounds of .223 caliber ammunition bearing the Remington brand and 108 live rounds of .22 caliber ammunition bearing the Remington brand, which had previously been shipped and transported in interstate commerce. At the time I possessed the firearm and ammunition, I had been convicted of Attempted Transportation of Marijuana for Sale (Case No. CR2010-00536), a felony offense punishable by a term of imprisonment exceeding one year. I was sentenced to 3 years of standard probation. My

1
2
3

probation was later revoked, and I was sentenced to 1.5 years of imprisonment. Further, at the time I possessed the firearm and ammunition, I knew that I had been convicted of a felony, punishable by a term of imprisonment exceeding one year, and that I could not possess firearms.

4
5
6
7
8

      b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

9

### APPROVAL AND ACCEPTANCE OF THE DEFENDANT

10
11

      I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

12
13
14
15
16
17

      I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

18
19

      I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

20
21
22
23

      I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

24
25
26

      My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

27
28

- 10 -

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

10-11-23
Date

CHARLES LYLE TRUAX
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the

- 11 -

1   offense to which the guilty plea will be entered, possible defenses, and the consequences

2   of the guilty plea including the maximum statutory sentence possible.  I have further

3   discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

4   assurances, promises, or representations have been given to me or to the defendant by the

5   United States or any of its representatives that are not contained in this written agreement.

6   I concur in the entry of the plea as indicated above and that the terms and conditions set

7   forth in this agreement are in the best interests of my client.  I agree to make a bona fide

8   effort to ensure that the guilty plea is entered in accordance with all the requirements of

9   Fed. R. Crim. P. 11.

10

11   *10-11-23*
     Date                              BALTAZAR IÑIGUEZ
                                       Attorney for Defendant
12

13                    **APPROVAL OF THE UNITED STATES**

14       I have reviewed this matter and the plea agreement.  I agree on behalf of the United

15   States that the terms and conditions set forth herein are appropriate and are in the best

16   interests of justice.

17                                       GARY M. RESTAINO
                                         United States Attorney
18                                       District of Arizona

19

20   *10/11/23*
     Date                              ALANNA R. KENNEDY
21                                       TRACY VAN BUSKIRK
                                         Assistant U.S. Attorneys
22

23

24                    **ACCEPTANCE BY THE COURT**

25

26   2/28/2024
     Date                              HONORABLE DAVID G. CAMPBELL
27                                       United States District Judge

28

- 12 -